IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 17, 2025 Session

## GERALD MCDANIEL ET AL. v. EDWIN FRAZIER, III ET AL.

**Appeal from the Circuit Court for Madison County**
No. C-21-277          Donald H. Allen, Judge

_____

### No. W2025-00183-COA-R3-CV

_____

Appellants purchased a home without first personally viewing the property. Following the sale, Appellants discovered defects that they claim should have been disclosed to them prior to the sale. The trial court granted motions for summary judgment in favor of the sellers of the house and the licensed home inspector. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Matthew W. Willis, Dyersburg, Tennessee, for the appellants, Gerald McDaniel, and Tamara McDaniel.

Nathan D. Tilly and Haynes T. Russell, Jackson, Tennessee, for the appellees, Linda Ann Puthuff and Mark Anthony Puthuff.

T. William Caldwell, Nashville, Tennessee, for the appellees, The Inspector, LLC, and Edwin Frazier, III.

# MEMORANDUM OPINION[1]

## I.    BACKGROUND AND PROCEDURAL HISTORY

Appellants Gerald McDaniel and Tamara McDaniel (collectively "the McDaniels") bought a home located at 28 Lake of the Woods Drive, Humboldt, Tennessee (the "Property"). At the time they purchased the Property, the McDaniels were living in Papua, New Guinea and working for the United States Foreign Service. It is undisputed that the McDaniels did not personally visit or view the Property before buying it.

Appellees Mark Puthuff and Linda Puthuff (collectively "the Puthuffs") were the sellers of the Property. The Puthuffs listed the Property for sale on September 18, 2020. On September 20, 2020, the McDaniels submitted an offer to purchase the Property through their real estate agent, Marco Taffe, who then sent the offer to Appellees Puthuffs' real estate agent, Tami Reid. The McDaniels and the Puthuffs entered into a contract for the purchase of the Property on September 22, 2020, for a purchase price of $430,000.00

In accordance with Tennessee Code Annotated section 66-5-201,[2] the McDaniels prepared a Tennessee Residential Property Conditions Disclosure (the "Disclosure Statement") regarding the Property on September 17, 2020. According to the Puthuffs, they were not then aware of any material defects affecting the Property, and they did not indicate any in the Disclosure Statement. The Disclosure Statement was provided to the McDaniels.

After executing the purchase agreement, the McDaniels hired Appellee Edwin Frazier, III, d/b/a The Inspector, LLC, to conduct a home inspection of the Property. Frazier is a licensed home inspector. Frazier completed his inspection of the Property on September 24, 2020. He subsequently prepared a written report, which "identified minor defects, including fogged windowpanes in the office and dining room and a moisture stain on the living room ceiling." He also noted "Routine maintenance on wood recommended." Despite the foregoing recommendation on the exterior siding, "the McDaniels did not inquire further into the condition of the exterior siding." After the McDaniels received and reviewed the inspection report, they entered into a Repair/Replacement Agreement, which

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] "[T]he owner of the residential property shall furnish . . . [a] residential property disclosure statement in the form provided in this part regarding the condition of the property, including any material defects known to the owner." Tenn. Code Ann. § 66-5-202.

required the Puthuffs to make certain limited repairs to the Property. The Amendment, however, "did not include any repair to the wood siding." The Puthuffs completed the repairs listed.

The McDaniels closed on the sale of the Property on November 20, 2020, with their attorney-in-fact executing documents on their behalf due to their absence. In the closing documents, the McDaniels "executed a Buyers Final Inspection Form, in which [the McDaniels] indicated that:

> We, the Buyers . . . have made the final inspection of the Property and confirm it to be in the same or better condition as it was on the Binding Agreement Date, normal wear and tear excepted, and all repairs and replacements, if any, have been made to our satisfaction, and we agree to accept the Property in its present condition."

More than one month after purchasing the Property, on December 28, 2020, the McDaniels arrived at the Property for the first time. The McDaniels stated that they noticed the defects immediately – testifying "that they discovered a rotting exterior siding, rotting windows, rotting door frames," "sun-bleached wood floors, water damage, and a hail-damaged roof in need of replacement." The McDaniels argue that these "readily apparent defects and significant deteriorations should have been identified," by someone other than them, prior to their first visit to the Property because these issues were "clearly visible with the naked eye."

On November 21, 2021, the McDaniels filed suit against several people, including Frazier, in both his individual capacity and as The Inspector, LLC, the Puthuffs, Tami Reid, and Marco Taffe. The court dismissed Taffe and Reid early in the litigation on separate motions for summary judgment. Relevant to this appeal, the complaint alleged that the Puthuffs were liable to the McDaniels for violating the Tennessee Residential Property Disclosure Act and for intentional misrepresentation of the state of the Property. Regarding Frazier, the McDaniels sought to recover against the home inspector for violation of the Tennessee Consumer Protection Act, fraud, common law negligence, and negligence per se.

On November 1, 2024, the Puthuffs filed a motion for summary judgment, a memorandum in support thereof, and a statement of undisputed material facts. The Puthuffs asserted that the court should dismiss the McDaniels' claim of intentional misrepresentation because the defects with the house were open and obvious, which put the Puthuffs under no duty to disclose them. Further, the Puthuffs argued that the McDaniels did not reasonably rely on any alleged misrepresentation. Finally, the Puthuffs sought dismissal of the McDaniels' claim under the Tennessee Residential Property Act due to the expiration of the statute of limitations.

- 3 -

Also on November 1, 2024, Frazier filed a motion for summary judgment, memorandum in support thereof, and a statement of undisputed material facts. Frazier asserted that the McDaniels' claim against him was for professional negligence and that they had failed to provide the expert proof necessary to show the standard of care applicable to Frazier as home inspector, or that Frazier had breached that standard of care.

Frazier's and the Puthuffs' motions for summary judgment were heard by the trial court on December 18, 2024. The trial court entered a written order granting the Puthuffs' motion for summary judgment on January 21, 2025. As an initial matter, the court noted that in oral argument the McDaniels conceded that they failed to file their claim under the Tennessee Residential Property Disclosure Act within the statute of limitations. The court, therefore, dismissed that claim against the Puthuffs. The court also dismissed the McDaniels' claim of intentional misrepresentation against the Puthuffs, concluding that the Puthuffs had no duty to disclose the alleged misrepresentations because the McDaniels could have discovered them through the exercise of ordinary diligence. Further, the court stated that the McDaniels did not reasonably rely on the alleged misrepresentations or properly plead others in their complaint.

The trial court entered a written order granting Frazier's motion for summary judgment on January 24, 2025. Therein, the trial court specifically stated that the McDaniels did not meet their burden of properly responding to Frazier's statement of undisputed facts. The court also concluded that the McDaniels failed to set forth any evidence at the summary judgment stage from an expert who could testify that Frazier's conduct fell below the standard of care as a professional home inspector. Regarding the McDaniels' Tennessee Consumer Protection Act and fraud claims, the trial court found the McDaniels' lack of a qualified expert to be fatal to those causes of action as well.[3]

The McDaniels timely appealed the trial court's orders entered on January 21, 2025, and January 24, 2025, which granted summary judgment in favor of the Puthuffs and Frazier.

## II. ISSUES PRESENTED

We have summarized the issues raised for our review as follows:

1. Whether the trial court erred in granting summary judgment to Appellee Frazier?

2. Whether the trial court erred in granting summary judgment to Appellees Mr. and Mrs. Puthuff?

---

[3] The McDaniels do not appear to challenge the dismissal of their Tennessee Consumer Protection Act and fraud claims on appeal.

## II. LAW AND ANALYSIS

On appeal, we review a trial court's decision to grant summary judgment de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 447 S.W.3d 235, 264 (Tenn. 2015). As such, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* at 250.

A court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When a party moving for summary judgment does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 447 S.W.3d at 264 (emphasis in original).

"If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Thus, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading." *Rye*, 447 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06). "[T]he nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that 'set forth specific facts showing that there is a genuine issue for trial.'" *Munoz v. Sepulveda*, No. M2024-01002-COA-R3-CV, 2025 WL 2603041, at *2 (Tenn. Ct. App. Sept. 9, 2025) (quoting Tenn. R. Civ. P. 56.06). However, if the nonmoving party fails to set forth specific facts showing that there is a genuine issue for trial, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

1. The Puthuffs

The McDaniels allege that the trial court erred in granting summary judgment in favor of the Puthuffs on their claim that the Puthuffs intentionally misrepresented the state of the Property on the Disclosure Statement. In order to recover on a claim of intentional misrepresentation, a plaintiff must prove:

> (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) plaintiff suffered damage as a result of the misrepresentation.

*Stanfill v. Mountain*, 301 S.W.3d 179, 188 (Tenn. 2009).

In granting the Puthuffs' motion for summary judgment, the trial court held that the Puthuffs were entitled to judgment as a matter of law on this claim "because the alleged false misrepresentations were not material and because the McDaniels did not reasonably rely on the Puthuffs alleged misrepresentations." The trial court determined that "the Puthuffs had no duty to disclose the alleged defects because it is undisputed that the defects could be observed through common observation."

On appeal, the McDaniels acknowledge in their brief that "the Tennessee Supreme Court has, in a case involving the sale of real property, held that a seller has a duty to disclose a fact of controlling importance in determining the desirability and value of that residence that would not be apparent to the buyer through the exercise of ordinary diligence." However, the McDaniels subsequently assert that "the defects were so obvious that [the Puthuffs] knew of the alleged defects and had a duty to disclose those defects as they are material facts." To be sure, "there is no duty to disclose a material fact or condition if it was apparent through 'common observation' or if it would have been discoverable through the exercise of ordinary diligence." *Pitz v. Woodruff*, No. M2003-01849-COA-R3CV, 2004 WL 2951979, at *8 (Tenn. Ct. App. Dec. 17, 2004). The McDaniels have unequivocally reiterated that the defects were readily apparent to them upon their arrival at the home after they purchased the Property.

The McDaniels admittedly decided to purchase a property with open and obvious defects without ever seeing the Property or inquiring further into the suggestions of their home inspector. We agree with the trial court's conclusion that the Puthuffs were entitled to summary judgment on the claim of intentional misrepresentation. The defects complained of were open, obvious, and could have been discovered just as easily by the McDaniels. The McDaniels admittedly took a "leap of faith" by purchasing the Property without viewing it or taking additional steps to discover any defects when they received the report of their home inspector regarding the maintenance issues with the wood exterior of the home.

2. Appellee Frazier

Appellants also assert that the trial court erred in granting summary judgment in favor of Appellee Frazier because there is a genuine issue of material fact as to what Frazier saw or should have seen on the date he completed the home inspection. In support of his motion for summary judgment, Frazier submitted the following statement of undisputed material facts:

> 1. On September 24, 2020, Plaintiff signed a Pre-Inspection Agreement ("Agreement") with Frazier for a home inspection at 28 Lake of the Woods Dr., Humboldt, Tennessee.

2. Frazier conducted that inspection on September 24, 2020.

3. Frazier is an expert in the field of home inspections, and he is familiar with the standard of care applicable to home inspectors.

4. Mr. Frazier's Report complied with the standard of care for home inspections.

5. Plaintiffs have not disclosed an expert who will give an opinion that Mr. Frazier's report deviated from the standard of care.

6. Plaintiffs disclosed a former home inspector, Bill Burross.

7. Mr. Burross conducted his inspection of the Property on August 23, 2021, approximately 11 months after Mr. Frazier's inspection.

8. Mr. Burross cannot offer an expert opinion as to whether any defects he observed at the Property were present when Mr. Frazier inspected the property.

In their response to the aforementioned statements numbers 1, 2, 7, and 8, the McDaniels deemed those facts to be "admitted." With respect to statement 3, the McDaniels admitted that Frazier's declaration stated that he was an expert but denied that it was true and averred that Frazier was not allowed to make self-serving statements. Most notably, the McDaniels responded to statements 4, 5, and 6 with simply "denied." These denials did not include any supporting evidence or citations to the record as required by the Tennessee Rules of Civil Procedure. Instead, the McDaniels filed an additional statement of undisputed material facts.

In granting summary judgment in favor of Frazier, the trial court found that "there are no genuine disputes of material fact" because the McDaniels did not properly respond to Frazier's statements. As the trial court noted, although the McDaniels disputed three of the proposed material facts presented by Frazier, the trial court found that the McDaniels' "responses do not comply with Rule 56.03 of the Tennessee Rules of Civil Procedure because they do not demonstrate the source of the disputes with specific citations to the record."

The court relied on the following language in the Tennessee Rules of Civil Procedure:

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth

by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

Tenn. R. Civ. P. 56.03.

On appeal, the McDaniels argue that they did not fail to respond to Frazier's statement of facts as set forth in the rule above but simply provided their own pleading with their own citations to the record. According to the McDaniels, despite the plain language of Rule 56.03, the trial court was *required* to consider their *additional* statement of undisputed material facts and the implications that their facts had on Frazier's facts, to which they disputed without citations to the record. The McDaniels assert that after reviewing and comparing these pleadings the trial court was then required to determine whether there did in fact exist issues of disputed material fact for a jury to decide.

Rule 56.03 does permit a non-moving party, such as the McDaniels, to respond to a motion for summary judgment by including their own statement of undisputed facts in addition to their responses to the moving party's statement of facts. It states, in relevant part:

> **In addition**, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

Tenn. R. Civ. P. 56.03 (emphasis added). However, we respectfully disagree with the McDaniels that the trial court was obligated to overlook their error in citing to any evidence in the record in support of the facts they "disputed" within Frazier's motion for summary judgment.

In *Brennan v. Goble* this Court stated the following:

> According to Plaintiff's brief, the Trial Court erred when it ignored all the evidence accompanying Plaintiff's summary judgment response and adopted Defendant's twelve statements of fact as its only findings of fact and conclusions of law. We disagree with Plaintiff's contention under these circumstances. The Trial Court was not required to sift through all the evidence of affidavits and depositions presented in the summary judgment motion and response to determine whether a dispute of material fact existed. Tennessee Rule of Civil Procedure 56.03 was enacted to

remove this burden from the Trial Court and to require the parties to assist the Trial Court by directing its attention to the crucial parts of the record where a dispute of fact exists. Because Plaintiff did not respond to Defendant's statement of material facts, we determine that the Trial Court did not err by ruling that Defendant's statement of material facts was deemed admitted and in relying on those facts to conclude that Defendant had negated an essential element of Plaintiff's claim.

*Brennan v. Goble*, No. E2020-00671-COA-R3-CV, 2021 WL 2156443, at *7 (Tenn. Ct. App. May 27, 2021). Likewise, in *Haren Constr. Co., Inc. v. Ford*, we determined:

> Because Defendant failed to properly dispute any of Plaintiff's statements of material fact in accordance with Rule 56.03, the Trial Court acted properly by considering Plaintiff's statement of material facts as undisputed. The only question that remains is whether Plaintiff was entitled to judgment as a matter of law based upon these undisputed material facts.

*Haren Constr. Co., Inc. v. Ford*, 699 S.W.3d 902, 910 (Tenn. Ct. App. 2024), *appeal denied* (July 17, 2024).

It is undisputed that the McDaniels failed to adhere to the procedural requirements set forth in Rule 56.03. For the facts that were "disputed," they did not cite to the record for any evidence to support their position. Notably, the McDaniels did properly respond to defendant Taffe's motion for summary judgment and statement of undisputed facts with supporting citations to the record. At oral argument in this appeal, counsel for the McDaniels admitted he was unaware of any law to support the theory that the trial court was required to waive their insufficient responses to Frazier's statements of undisputed material facts. In sum, Frazier made a properly supported motion for summary judgment and the McDaniels failed to appropriately respond. Therefore, we conclude that the trial court did not err in determining that there were no issues of disputed material fact for trial, and that Frazier had properly negated essential elements of the claims against him.

### III.    CONCLUSION

For the reasons set forth above, the trial court's entry of summary judgment is affirmed. Costs of this appeal are taxed to Appellants, Gerald McDaniel and Tamara McDaniel, for which execution may issue if necessary.

s/ Valerie L. Smith<br>
VALERIE L. SMITH, JUDGE